UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ALMON DALE ALLEN**
     Plaintiff

**v.**                                       **No. 5:07CV-00049-J**

**MICHAEL ASTRUE**
     Commissioner of Social Security
     Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Craig Housman. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 8 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on September 11, 2006, by administrative law judge (ALJ) Randolph Schum. In support of his decision denying Title II benefits, Judge Schum entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2007.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairments: cervical, thoracic and lumbar degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have in impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand or walk for six hours per eight-hour workday and can sit for six hours per workday (with normal breaks). He can only occasionally crouch, crawl or climb ropes, ladders and scaffolds. The claimant can also only occasionally perform fingering and fine manipulation with his right upper extremity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 3, 1952 and was almost 50 years old on the alleged disability onset date, which is defined as closely approaching advanced age (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability due to the claimant's age (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from January 1, 2002 through the date of this decision (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 37-40).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

2

*Kirk v. Secretary*,  667 F.2d  524 (6th Cir., 1981).  It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a  verdict."  *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988).  In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account  whatever  in  the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992).  However:

> The substantial-evidence standard allows considerable latitude to administration decision makers.  It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts.   An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence  that   was before the Commissioner on the date of the final decision.   When  the Appeals Council declines to review the ALJ's decision and render a new decision, the  ALJ's decision becomes the Commissioner's final decision.   *Cotton  v.  Secretary*,  2  F.3d  692 (6th Cir., 1993).

2.   To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3.  Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."  A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that  are "necessary to do

most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with all the criteria of a particular rule of Appendix 2

4

of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule.  Section 200.00(a) of Appendix 2; 20 C.F.R.  §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2;  20  C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986).   Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant.  *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Chronology

On September 11, 2006, Judge Schum rendered his decision.

On December 14, 2006, the Appeals Council found no basis for disturbing Judge Schum's decision, thereby rendering Judge Schum's decision the final decision of the Commissioner herein (AR, pp. 27-30).  See *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993) (when the Appeals Council declines to review the ALJ's decision, the ALJ's decision becomes the Commissioner's final decision).

On January 5, 2007, the paralegal for counsel, Francis Schuler, first submitted to the Appeals Council medical records pertaining to two cervical spine surgeries that the plaintiff underwent in April of 2006 (AR, pp. 10-26).  The surgeries were performed by David McCord, M.D. In light of these records, Mr. Schuler requested that the Appeals Council reopen its prior decision

affirming Judge Schum's decision and/or that the Appeals Council reopen Judge Schum's decision itself. Mr. Schuler argued that the medical records constitute new and material evidence.

On February 23, 2007, the Appeals Council referred the request to reopen to Judge Schum (AR, pp. 6-7).

After Judge Schum's denial decision and contemporaneously with the efforts to reopen said decision, the plaintiff filed a new application for benefits. On February 25, 2007, the plaintiff was awarded benefits beginning on September 12, 2006, the day after Judge Schum's decision. A copy of the notice of award is appended to the plaintiff's fact and law summary (Docket Entry No. 8).

In a letter to counsel dated April 9, 2007, Judge Schum denied the request to reopen. Although it does not appear in the administrative record, a copy of the letter is appended to the plaintiff's fact and law summary (Docket Entry No. 8).

### First Contention

The plaintiff's first contention is as follows (Docket Entry No. 8, p. 3):

In view of the subsequent favorable determination, effective the day after Judge Schum's decision, a sentence 6 remand is appropriate.

Two recent cases from Virginia and West Virginia indicate a remand for further proceedings by the Commissioner is most appropriate. As stated by the Court in *Hayes v. Astrue*, 488 F.Supp.2d 560, 561 (W.D.Va. 2007):

> In this social security case, I remand for further administrative consideration in light of new evidence based on the determination of disability in a subsequent application. The Commissioner found the claimant not disabled as of February 7, 2006. On a subsequent application, the Commissioner found her disabled as of February 8, 2006. I hold that this second determination constitutes new evidence justifying a remand.

See also *Bradley v. Barnhart*, 463 F.Supp.2d 577 (S.D.W.Va. 2006). Attached hereto is the notice of award finding Mr. Allen to be disabled the day after Judge Schum's decision.

6

As a preliminary matter, the magistrate judge observes that *Hayes* and *Bradley* are not controlling authority in this circuit. Like the present case, these cases involved a subsequent award of benefits. To the extent these cases hold that the subsequent decision itself, as opposed to the evidence in support of the decision, may constitute "evidence" as contemplated by "sentence six" of 42 U.S.C. § 405(g), the undersigned finds that holding to be unpersuasive. If reviewing courts were to deem the Commissioner's decisions themselves as constituting even a scintilla of evidence in support thereof, judicial review would be rendered meaningless inasmuch as there would always be a substantial evidence supporting the Commissioner's denial decisions. Fortunately, a careful reading of *Hayes* and *Bradley* reveals that the "decisions" are mentioned only as a convenient shorthand for the evidence supporting the decisions.

In any event, both cases hold that a "sentence six" remand is warranted only if the subsequent decision was based upon evidence that is new and material in relation to the prior decision, i.e., evidence that necessarily has a bearing upon and relates to the period on or before the date of the prior decision. It is always the plaintiff's burden of demonstrating that he is entitled to a "sentence six" remand.

The magistrate judge finds that, in his letter to counsel dated April 9, 2007, Judge Schum identified substantial reasons in support of a conclusion that the surgical records from April of 2006, did not constitute "material" evidence as contemplated by "sentence six" of 42 U.S.C. § 405(g) (Appendix, Docket Entry No. 8):

> [T]he claimant and his attorney did not furnish any follow-up records from Dr. McCord to demonstrate that his severe cervical impairment was any worse than at the time of the hearing. The mere occurrence of surgery does not provide a scintilla of evidence of any negative change in the claimant's condition. The surgery could have improved his condition. The claimant and his attorney have failed to prove any change in his condition which would warrant a change in any finding

7

pertinent to any matter at issue or in the ultimate decision.  Therefore, the presented evidence is not both "new" and "material" and does not satisfy the regulatory standard for reopening.

In further support of Judge Schum's findings, the magistrate judge observes that the surgical records are simply raw medical data.  This court routinely criticizes ALJ's for "playing doctor" and attempting to draw conclusions with respect to a claimant's residual functional capacity (RFC) from raw medical data.   Lay persons, including ALJ's, reviewing courts, and attorneys are "simply not qualified to interpret raw medical data in functional terms."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir., 1999).  Counsel has already skillfully obtained the opinion of the treating surgeon, David McCord, M.D., with respect to the plaintiff's RFC in a question and answer format dated April 14, 2006 (AR, pp. 270-271).  This probative evidence was before the ALJ and, in fact, discussed by the ALJ in his written decision (AR, p. 39).  In light of Dr. McCord's answers to counsel's questions, the raw medical data upon which the plaintiff now attempts to rely is, at best, cumulative.  By definition, cumulative evidence is not material. *Young v. Secretary*, 925 F.2d 146, 149  (6th Cir., 1990).

The magistrate judge further observes that *Hayes* and *Bradley*, supra, acknowledge and cite *Bruton v. Massanari*, 268 F.3d 824, 827 (9th  Cir., 2001), for the proposition that a subsequent determination of disability does <u>not</u> support a reopening of a prior determination if the second application involved "different medical evidence, a different time period, and a different age classification."   If the second decision was based upon a different age classification, it was not necessarily inconsistent with the prior denial of benefits and, hence, the mere existence of a subsequent favorable decision does not support a "sentence six" remand.

The plaintiff was born on February 3, 1952 (AR, p. 65). Therefore, on September 11, 2006, at the time of Judge Schum's decision, he was 54 years old, or "closely approaching advanced age" as contemplated by 20 C.F.R. § 404.1563(d). Judge Schum denied the plaintiff's claim at the fifth and final step of the sequential evaluation process, citing as a framework for decisionmaking Rule 202.11 of Appendix 2 of the regulations (the so-called medical-vocational guidelines, or grids) (AR, p. 40).

The notice of award dated February 25, 2007, states simply that "[w]e found that you are disabled under our rules on September 12, 2006" (Appendix, Docket Entry No. 8). On February 3, 2007, the plaintiff turned 55, or of "advanced age" as contemplated by 20 C.F.R. § 404.1563(e). The rule corresponding to the rule cited by Judge Schum in his prior decision (Grid Rule 202.11) for a person now of "advanced age" is Grid Rule 202.02. Unlike Grid Rule 202.11, which directs an ultimate conclusion of "not disabled," Grid Rule 202.02 directs an ultimate finding of "disabled." Pursuant to the dictates of *Drummond v. Secretary*, 126 F.3d 837 (6th Cir., 1997), the Commissioner is generally bound by the findings of a previous ALJ with respect to a claimant's maximum exertional capacity (*Drummond*) for the prior determination of lack of disability. Therefore, due to a "different age classification" as contemplated by *Bruton*, supra, it appears that the Commissioner was required as a matter of law and pursuant to the "grids" to find the plaintiff disabled for the period after February 3, 2007. It follows that the plaintiff has failed to show that the subsequent decision and the evidence in support thereof constituted new and material evidence relevant to the ALJ's decision. The plaintiff reliance upon *Hayes* and *Bradley* is unpersuasive.

The magistrate judge concludes that the plaintiff has failed to show that the evidence and governing legal standards in support of the subsequent favorable decision necessarily relate back to and are pertinent with respect to the prior unfavorable decision.  Furthermore, the plaintiff has failed to demonstrate that the medical records pertaining to two surgeries that occurred in April of 2006, constitute new and material evidence as contemplated by "sentence six"of 42 U.S.C. § 405(g).

### Second Contention

On May 19, 2006, Dr. McCord responded in the affirmative to the following questions that were prepared by paralegal Francis Schuler (AR, pp. 269-271) *(emphasis added)*:

1.  Although Mr. Allen did not begin treatment with you until December 8, 2005 you are aware that his cervical and lumbar spine problems are of long-standing duration, and he previously sought treatment with other physicians, including Dr. Miranda Gaw, for his complaints of severe pain in the cervical, lower thoracic and lumbar spine.  I have included the progress notes and MRI scan results from this physician, and upon your review of those record, would you be able to state that it is reasonable to conclude that at all times since December 2003, Mr. Allen's symptoms/conditions have essentially remained unchanged?

2.  With his diagnosed cervical and lumbar spine conditions dating to at least December 2003, do you believe it reasonable that, as Mr. Allen has stated, he would have "good" and "bad" days with regard to symptoms, such that on "good" days, he can stand "maybe an hour or two" but that on "bad" days, he has to get off his feet after only 30 minutes or less?

3.  With regard to the issue of walking, Mr. Allen states that on "good" days, he might be able to walk for up to a mile at a time, but that on "bad" days, he is unable to walk much more than one block.  Again, in light of his diagnosed spine conditions, **is it your opinion that such limitations are credible and reasonable**?

4.  Mr. Allen has testified when he is having a "bad" day with his neck and back, estimated to occur at least one or two days per week, he requires recumbent rest to deal with his pain and would not be able to be up on his feet for a total of more than four hours in an 8 hour period.  Based upon the results of your examinations and imaging study findings **does he have a spinal condition which is reasonably capable of causing these symptoms as he describes them**?

10

At the hearing, the vocational expert (VE) testified that the foregoing limitations would render the plaintiff unemployable (AR, pp. 302-303).  In summary, Dr. McCord opined that the plaintiff's spinal condition is 1) reasonably capable of causing the disabling symptoms and limitations described by the plaintiff, and 2) the symptoms and limitations described by the plaintiff are credible.

> In his written decision, the ALJ found as follows (AR, pp. 38 and 39) *(emphasis by ALJ)*:
>
> After considering the evidence of record, <u>the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.</u>
> ...
> Dr. McCord was [] asked to opine whether the claimant's complaints or descriptions of his abilities and symptoms are credible.   The affirmative response from Dr. McCord is of no help to the undersigned since the issue of credibility is reserved to the Commissioner.

The plaintiff's second contention is that the ALJ failed to identify "good reasons" for rejecting the medical opinions of his treating surgeon, Dr. McCord, as required by 20 C.F.R. § 404.1527(d)(2) and *Wilson v. Commissioner*, 378 F.3d 541 (6ᵗʰ Cir., 2004).  The magistrate judge concludes that the ALJ accepted Dr. McCord's opinion that the plaintiff's plaintiff's spinal condition is reasonably capable of causing the type of symptoms and limitations described by the plaintiff, but rejected Dr. McCord's opinion that these symptoms and limitations are credible to the degree alleged by the plaintiff, which the VE testified would render him unemployable.  The undersigned further concludes that the ALJ did not err in rejecting the latter finding by Dr. McCord and that the ALJ's decision comports with governing legal standards as described below.   Findings of credibility are within the exclusive province of the Commissioner.

11

Social Security Ruling (SSR) 96-7p provides how the Commissioner is to evaluate subjective symptoms and limitations. The standard is consistent with that adopted by this circuit in *Duncan v. Secretary*, 801 F.2d 847, 853 - 854 (6ᵗʰ Cir., 1986), and is consistent with 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain").

Prior to passage of the Social Security Disability Benefits Reform Act of 1984 (42 U.S.C. § 423 et seq.), the Social Security Administration was authorized to find claimants to be disabled based solely upon a finding that their complaints are credible in light of the evidence as a whole. The Act required that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability...; there must be [objective] medical signs and findings [to explain the pain]." *Duncan* clarified that limitations due to pain or other subjective factors may be disabling. However, when a claimant asserts disability resulting from pain, his "statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a). Rather, the claimant is required to provide "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment...which could reasonably be expected to produce the pain or other symptoms alleged." Id.

Applying the mandate of the Reform Act, the Sixth Circuit has developed a two-pronged inquiry for evaluating a claimant's complaints of subjective pain. Under the standard announced in *Duncan*, the court first must determine "whether there is objective medical evidence of an underlying medical condition." *Duncan*, supra. Provided such objective evidence exists, the court must ask "whether objective medical evidence confirms the severity of the alleged pain...or...whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. The Commissioner may exercise

12

his discretion to find a claimant's complaints of disabling pain to be credible only if the claimant

is found to satisfy the first prong and either alternative of the second prong.  Id.

Unless the objective medical evidence confirms the severity of the alleged pain, the

Commissioner will consider the following factors:

(i) Your daily activities;

(ii)  The location, duration, frequency, and intensity of your pain or other symptoms;

(iii) Precipitating and aggravating factors;

(iv)  The type, dosage, effectiveness, and side effects of any medication you take or
have taken to alleviate your pain or other symptoms;

(v)  Treatment, other than medication, you receive or have received for relief of your
pain or other symptoms;

(vi)  Any measures you use or have used to relieve your pain or other symptoms
(e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on
a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain
or other symptoms.

20 C.F.R. § 404.1529(c)(3).

Judge Schum's decision reflects a consideration of these factors beginning at AR, p. 38.

"The absence of sufficient objective medical evidence makes credibility a particularly relevant issue,

and in such circumstances, this court will generally defer to the Commissioner's assessment when

it is supported by an adequate basis."  *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir., 1997).

The magistrate judge concludes that the plaintiff's second numbered contention is unpersuasive.

13

**Third Contention**

The plaintiff articulates his third and final contention by way of asking the following rhetorical question (Docket Entry No. 8, p. 4):

> As a matter of affording the Social Security claimant due process, is the Commissioner required to follow his own rules and base his determination on a correct understanding of the facts when considering a request to reopen?

The plaintiff implicitly requests a judicial remand for the purpose of requiring the Commissioner to follow his own standards and rules pertaining to reopening of prior denial decisions.

For the reasons set forth below, the magistrate judge concludes that this court lacks subject matter jurisdiction to accommodate the plaintiff's request.   This court's authority to review final decision's of the Commissioner is limited to the following facts and circumstances:

1.  Judicial review of  "any final decision of the Commissioner made after a hearing." 42 U.S.C.  § 405(g), sentences 1 and 4.  The general rule is that a decision by the Commissioner not to reopen a prior claim is unreviewable by this court because it is not a decision "made after a hearing."  <u>See</u> *Califano v. Sanders*, 430 U.S. 99 (1977).

2.  Remands to the Commissioner for consideration of new and material evidence. Section 405(g), sentence 6.  We have already concluded, in connection with the plaintiff's first contention, that he  has failed to establish that the evidence that he claims supports a reopening rises to the level of new and material evidence.

3.  Remands to correct the Commissioner's failure to follow its own rules and standards, including those pertaining to denials of requests to reopen prior claims, where it is demonstrated that the error rises to the level of a prejudicial due process violation.  The Commissioner's failure to follow its own internal procedures is actionable only when prejudice, or a reasonable

14

probability of a different result but for the error, is shown.  See *Newton v. Commissioner*, 209 F.3d 448, 458 (5th Cir., 2000).  As we have repeatedly stated, the plaintiff has failed to show that the new evidence upon which he relies is material and relates to the period adjudicated by the prior claim.  Therefore, he has not demonstrated the requisite prejudice.

The plaintiff relies upon *Swartz v. Barnhart*, 2006 WL 1972086, in support of his argument that this court should remand this case pursuant to numerical paragraph 3, supra.  Ms. Swartz filed a prior claim that was denied by the Commissioner.  The decision became final because Ms. Swartz was unrepresented by counsel and did not appeal or request an ALJ hearing.  Ms. Swartz argued that she was constitutionally entitled to a reopening because her mental impairments rendered her incapable of pursuing a timely administrative appeal.  The ALJ denied the motion to reopen, finding that there was no evidence of that her mental impairments prevented her from pursuing an appeal.  The Sixth Circuit held that the ALJ's basis for denying the motion was not "not supported by substantial evidence" and remanded for reconsideration of the denial of the motion to reopen.

The magistrate judge concludes that *Swartz* is distinguishable from the present case because the ALJ in *Swartz* had not considered Ms. Swartz' prior claim on the merits and, therefore, there was a substantial chance that the denial of the motion to reopen was prejudicial.  In contrast, Judge Schum denied the prior claim on the merits and subsequently determined that the new evidence upon which the plaintiff attempts to rely is immaterial with respect to that claim.  Hence, the plaintiff is unable to show a reasonable probability that a reopening would result in a favorable decision.  The plaintiff's reliance upon *Swartz* is unpersuasive.

15

**RECOMMENDATION**

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).